State v. Wood

No. 743SC103

(Filed 15 May 1974)

1. Burglary and Unlawful Breakings § 6; Larceny § 8— instructions — intent to commit robbery — no prejudice
    Defendant in a prosecution for felonious breaking and entering and larceny was not prejudiced by the trial judge's slip of the tongue in referring to intent to commit robbery rather than intent to commit larceny since the court correctly instructed the jury in the mandate portion of the charge.

2. Burglary and Unlawful Breakings § 6; Larceny § 8— larceny from premises entered — sufficiency of instructions
    Under the trial court's instruction in a felonious breaking and entering and larceny case there can be no question but that the jury clearly understood that if it was to find defendant guilty of felonious larceny it was required to find beyond a reasonable doubt that defendant had carried a television set out of a house after first entering therein.

APPEAL by defendant from Cowper, Judge, 13 August 1973 Session of Superior Court held in PITT County.

Defendant was indicted for (1) felonious breaking and entering and (2) felonious larceny after such breaking and entering. The victim of the crimes testified that her home was broken into during her absence on the afternoon of 21 June 1973 and her portable television set taken therefrom by some

person unknown to her. An accomplice testified that he accompanied the defendant and acted as a lookout while defendant entered the dwelling and removed the television set, and that they later sold the set for $20.00 and divided the proceeds. Defendant offered no evidence. The jury found him guilty of both charges. Judgment was entered on each count sentencing defendant to prison for five years, the two sentences to run concurrently. Defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Myron C. Banks for the State.*

*Blount, Crisp & Grantmyre by William E. Grantmyre for defendant appellant.*

PARKER, Judge.

**[1]** Appellant assigns error to two portions of the court's instructions to the jury. In the first instance complained of, the court, after correctly instructing the jury that "the defendant has been accused of felonious breaking or entering into another's building without consent and with intent to commit the crime of larceny therein," proceeded to list the elements of the crime and in so doing inadvertently stated one of them to be, "fourth, that at the time of the breaking or the entry, the defendant intended to commit the crime of robbery therein." Immediately after making this incorrect reference to robbery rather than to larceny, the judge correctly instructed the jury in the mandate portion of the charge that for the jury to return a verdict of guilty on the first count, that they must find beyond a reasonable doubt that defendant broke or entered the house, without the owner's consent, "intending at the time to steal or commit the crime of larceny therein." In view of the evidence in this case and the court's correct instruction in the mandate portion of the charge, it is inconceivable that the jury could have been misled or that the defendant could have been prejudiced by the judge's slip of the tongue in referring to intent to commit robbery rather than to intent to commit larceny.

**[2]** In the second portion of the charge complained of, the appellant contends that the judge did not clearly instruct the jury that to find defendant guilty of felonious larceny it must find that the taking and carrying away of the television set was from the building entered. Reading the charge as a whole and taking the challenged portion in proper context, the trial court

charged sufficiently on this point. Under the uncontradicted evidence there could have been no question but that if defendant took the television set, he could only have done so by entering the house and taking it therefrom. Under the court's instruction there can be no question but that the jury clearly understood that if it was to find defendant guilty of felonious larceny in this case, it was required to find beyond a reasonable doubt that defendant had carried the television out of the house after first entering therein.

No error.

Chief Judge BROCK and Judge BALEY concur.